IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**MICHAEL J. CAPLAN, the Chapter 7 trustee
for the bankruptcy estate of ANITA BACA,**

      **Plaintiff,**


v.                                                                      CIV 10-096 JCH/LFG


**STATE OF NEW MEXICO, OFFICE OF
THE SECRETARY OF STATE, and
MARY HERRERA,**

      **Defendants.**


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Partial Judgment on the Pleadings as to Lack of Subject Matter Jurisdiction [Doc. 70], filed December 29, 2011.  The Court, having reviewed the parties' submissions and the relevant law, finds that the Motion should be GRANTED.

### BACKGROUND

Plaintiff is a former employee of the New Mexico Office of the Secretary of State.  The underlying facts concerning Plaintiff's employment are more fully set forth in the Court's September 30, 2011 Memorandum Opinion and Order.  *See* Doc. 60 at 3-8.  She contends that Defendants discriminated against her in violation of the Americans with Disabilities Act ("ADA") because of her association with her disabled son.  *See* Doc. 1 at 9 (Count I).  Plaintiff further contends that Defendants retaliated against her for exercising her rights under the ADA.

*See id.* at 10 (Count II).  In Count III, Plaintiff asserts that Defendants subjected her to a hostile work environment, again in violation of the ADA.  *See id.* at 11.  Counts IV and V purport to assert claims for interference and retaliation, respectively, under the Family Medical Leave Act ("FMLA").  *See id.* at 11-12.  Plaintiff asserts a claim for prima facie tort in Count VI.  *See id.* at 13.  In Count VII, Plaintiff alleges breach of an implied contract of employment.  *See id.*  Count VIII alleges the common-law tort of retaliatory discharge, and Count IX seeks damages for breach of the implied covenant of good faith and fair dealing.  *See id.* at 14-15.

The Court previously dismissed Counts VI (prima facie tort) and VII (breach of implied contract), as well as Plaintiff's claim for punitive damages under the FMLA.  *See* Doc. 60 at 17.

Before filing the instant Motion, Defendants unsuccessfully sought dismissal of Plaintiff's ADA claims (Counts I-III) as against Defendant Herrera, arguing that (1) Defendant Herrera could not be held liable in her individual capacity because Plaintiff failed to exhaust her administrative remedies as to Defendant Herrera; and (2) Defendant Herrera is entitled to qualified immunity based on Plaintiff's failure to allege a violation of a constitutional right.  *See* Doc. 32 at 6-8.  Finding that Plaintiff had identified "Secretary of State" as the respondent in her Charge of Discrimination, the Court found that Plaintiff had appropriately exhausted her administrative remedies as to Defendant Herrera, who was the Secretary of State at the time the Charge of Discrimination was filed.  *See* Doc. 60 at 10.  The Court also denied Defendants' argument that Ms. Herrera was entitled to qualified immunity.  *See id.* at 12-13.

The instant Motion [Doc. 70] seeks dismissal of Counts I-III on different grounds than the previous Motion [Doc. 33].  First, Defendants contend that Plaintiff's ADA claims against the Office of Secretary of State must be dismissed because they are barred by the Eleventh Amendment.  *See* Doc. 70 at 2-3.  Second, Defendants argue that Plaintiff's ADA claims against

2

Defendant Herrera in her individual capacity must be dismissed because she does not meet the ADA's definition of "employer." *See id.* at 4-5.

Defendants also seek to dismiss Plaintiff's retaliatory discharge claim (Count VIII) as against Defendant Herrera in her individual capacity. *See id.* at 5.

## LEGAL STANDARD

Defendants contend that the Court lacks subject matter jurisdiction to hear Counts I-III as alleged against both the Office of the Secretary of State and Mary Herrera and Count VIII as against Defendant Herrera in her individual capacity. *See* Docs. 70, 71. Specifically, Defendants seek dismissal pursuant to Rule 12© and Rule 12(h)(3) of the Federal Rules of Civil Procedure. *See* Doc. 70.

The standard of review applicable to a Rule 12© motion for judgment on the pleadings is the same as that applied to a Rule 12(b)(6) motion to dismiss. *See Morris v. City of Colo. Springs*, 666 F.3d 654, 660 (10th Cir. 2012) (citing *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005)). Thus, the Court will accept Plaintiff's factual allegations as true and consider them in the light most favorable to Plaintiff. *See id.* (quoting *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285-86 (10th Cir. 2011)). The Court has no obligation to accept conclusory allegations pled in the complaint as true. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). When such a motion is based on affidavits or other factual matters not contained in the pleadings, the motion should be considered as a motion for summary judgment. *See, e.g., United States ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001) (applying legal standards of Rule 56 to a Rule 12(h)(3) motion where the lower court considered outside facts).

## ANALYSIS

**A.     Plaintiff Has Not Responded to the Motion.**

Pursuant to the Court's local rules, "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ.7.1(b). Defendants filed the instant Motion on December 29, 2011. *See* Docs. 70, 71. On January 10, 2012, Plaintiff filed an Unopposed Motion for Extension of Deadlines to Respond [Doc. 77], requesting an eight-day extension until January 20, 2012 to file her response. *See* Doc. 77 at ¶ 5. The Court issued its Order granting the Unopposed Motion on January 13, 2012. *See* Doc. 79. Plaintiff did not file any response by January 20, 2012 and has not filed a response to date. Thus, Plaintiff has consented to the Motion under the Court's local rules.

The Tenth Circuit has held that dismissal for the sole reason of a party's failure to respond is equivalent to a sanction, and sanctions should only be entered after the Court has conducted an analysis under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). *See Miller v. Dep't of the Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991). The Court will therefore consider the Motion on the merits, as follows.

**B.     The Eleventh Amendment Bars Counts I-III Against the State of New Mexico and the Office of the Secretary of State.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. It means that states generally cannot be sued in federal court, "regardless whether a plaintiff seeks declaratory or injunctive relief, or money damages." *See*

*Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007).  States can waive this immunity, however.  *See id.*  Most often this occurs when (1) the state voluntarily invokes the jurisdiction of the federal court, including by removing an action from state court; or (2) "the state makes a 'clear declaration' that it intends to submit itself to a federal court's jurisdiction." *Id.*

To determine whether a state entity, such as the New Mexico Office of Secretary of State, is entitled to Eleventh Amendment Immunity, courts assess four factors: (1) the character ascribed to the entity under state law; (2) the autonomy accorded the entity under state law; (3) the entity's finances, including whether it has the ability to issue bonds or levy taxes on its own behalf; and (4) whether the entity is concerned primarily with local or state affairs.  *See id.*  "If a state entity is more like a political subdivision—such as a county or city—then it is like an instrumentality of the state, that entity is not entitled to Eleventh Amendment immunity." *Id.*

Application of these factors indicates that the Office of the Secretary of State ("OSOS") qualifies as an arm of the state.  First, New Mexico statutes clearly define it as a governmental agency of the State.  *See* NMSA 1978, § 1-2-1(A) (naming the Secretary of State "the chief election officer of the state").  It is also charged with collecting fees for photocopies, certifications and other of its functions, which are to be deposited with the state treasurer for credit to the general fund.  *See* NMSA 1978, § 8-4-4.  Further, OSOS is responsible for transmitting session laws to each judge, attorney general, district attorney, county commissioner, and other state officers.  *See* NMSA 1978, § 8-4-6.  Second, OSOS is intensely regulated by the State.  Its employees are considered state employees.  It is subject to audits and oversight by the state auditor.  *See* NMSA 1978, § 12-6-3(A).  Third, OSOS' budget is provided by the State, through State funds.  Fourth, OSOS is primarily concerned with state, as opposed to local,

affairs.  Moreover, Plaintiff does not dispute that OSOS is an arm of the State.

Although the Tenth Circuit appears not to have directly confronted the question whether Eleventh Amendment immunity applies to the New Mexico Secretary of State, two previous Tenth Circuit opinions indicate that such immunity would apply.  In *Pearlman v. Vigil-Giron*, the Tenth Circuit considered claims brought by a plaintiff against the former New Mexico Secretary of State Rebecca Vigil-Giron, and found that such claims could only proceed against Ms. Vigil-Giron in her individual capacity pursuant to *Ex Parte Young*, 209 U.S. 123 (1908).  *See* 71 Fed.Appx.11, 14 (10th Cir. 2003).  The Tenth Circuit therefore implicitly recognized that the Eleventh Amendment barred any claim against the office of the New Mexico Secretary of State or the State of New Mexico itself.  *See id.*  In another opinion more similar to the present case, the Tenth Circuit has also held that "the Eleventh Amendment bars suits against states for money damages under the ADA."  *See Ferguson v. Okla. Sec'y of State*, 6 Fed. Appx. 797 (10th Cir. 2001).  The *Ferguson* court therefore affirmed dismissal of a plaintiff's claims against the Oklahoma Secretary of State.  *See id.*

Based upon these authorities and the analysis of OSOS under the four factors enumerated above, the Court has no trouble concluding that OSOS is an arm of the State.  OSOS is therefore entitled to Eleventh Amendment immunity from suit in federal court.  Likewise, the Court notes that Plaintiff filed the present case in federal court; thus, OSOS did not invoke this Court's jurisdiction by removing the case.  As the Court is not aware of any other basis upon which to find that OSOS has somehow waived its immunity, the Court finds that Defendants State of New Mexico and the Office of the Secretary of State are entitled to Eleventh Amendment immunity.

### B.     As a Former Secretary of State, Defendant Mary Herrera Can No Longer Be Sued in Her Official Capacity.

"When a public officer is a party to an action in federal court in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party."  14A C.J.S. *Civil Rights* § 464 (2012).  Plaintiff does not identify whether she intends to sue Defendant Mary Herrera in her official or individual capacity.  *See* Doc. 1 at ¶ 3 (identifying Defendant Herrera solely as "a resident of the County of Bernalillo, State of New Mexico").  The instant lawsuit was filed on February 4, 2010, while Defendant Herrera was still in office.  *See* http://nmsos.sks.com/Meet_the_Secretary.aspx (indicating that the present Secretary of State, Dianna J. Duran, was elected in November 2010).  To the extent that Plaintiff intended to sue Defendant Herrera in her official capacity as Secretary of State, the present Secretary, Dianna J. Duran should have been substituted as a party for Ms. Herrera.  Either way, however, claims made against the Secretary of State in her official capacity are barred by the Eleventh Amendment.  *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 89 (1989) (recognizing that "when a suit seeks equitable relief or money damages from a state officer for injuries suffered in the past, the interests in compensation and deterrence are insufficiently weighty to override the State's sovereign immunity").

### C.     Individual Capacity Claims Against Defendant Herrera Cannot Survive.

Despite the Eleventh Amendment, "[i]n *Ex parte Young*, the Court held that private litigants could seek an injunction in federal court against a state official, prohibiting him from enforcing a state law claimed to violate the Federal Constitution."  *Virginia Office for Prot. and Advocacy v. Stewart*, 131 S.Ct. 1632, 1625-46 (2011).  Recognizing that the state, which will

7

ultimately be responsible for the cost of any award, maintains as much an interest in these cases as those brought directly against the state, the Supreme Court has acknowledged "the *Ex parte Young* fiction." *See, e.g., Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997). The *Ex parte Young* doctrine is narrowly construed; for instance, it "does not extend to suits where the plaintiff seeks retroactive relief, where the claimed violations are based on state law, where the federal law violation is no longer 'ongoing,' 'where Congress has prescribed a detailed scheme for the enforcement against a State' of the claimed federal right, and where 'special sovereignty interests' are implicated." *Virginia Office for Prot. and Advocacy v. Stewart*, 131 S.Ct. at 1646 (internal citations omitted).

In the present case, Plaintiff seeks relief exclusively in the form of damages, including past and future lost wages and benefits; pre- and post-judgment interest, and punitive damages. *See* Doc. 1 at 16. She does not seek prospective injunctive relief as required to invoke the *Ex parte Young* fiction. *See id.*

Even if Plaintiff were to amend her complaint to seek only prospective injunctive relief as required to invoke *Ex parte Young*, her ADA claims against Defendant Herrera could not survive. The Tenth Circuit has long held that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

An "employer" under the ADA is "a person engaged in an industry affecting commerce who has 15 or more employees." 42 U.S.C. § 12111(5)(A). The federal regulations under the ADA provide that the term "employer" is "to be given the same meaning under that ADA that [it is] given under Title VII." 29 C.F.R. § 1630.2(a)-(f) (App.). Under Title VII, the Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title

VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).  In *Butler*, the Tenth Circuit simply confirmed that, consistent with congressional intent, the same interpretation applies to "employer" under the ADA as under Title VII.  *See* 172 F.3d at 744 ("Because we can discern no meaningful distinction between the definitions of 'employer' in Title VII and the ADA, our reasoning in *Haynes* dictates the outcome of this case.").  Plaintiff's ADA claims against Defendant Herrera in her individual capacity are therefore dismissed.

**D.     Plaintiff's Retaliatory Discharge Claim Against Defendant Herrera Is Dismissed.**

New Mexico courts do not hold individual defendants liable for retaliatory discharge so long as they are acting within the course and scope of their employment.  *See, e.g., Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (1994) (noting that "[a] corporation can act only through its officers and employees," therefore, "it is difficult to see how a retaliatory discharge cause of action would apply to the individual defendants acting in the course and scope of their employment").  Here, Plaintiff makes no allegations that Defendant Herrera acted in her own interest and therefore outside the scope of her employment.  *See* Doc. 1 at ¶¶ 95-100.  Plaintiff's claim for retaliatory discharge accordingly must be dismissed as against Defendant Herrera in her individual capacity.  *See Saavedra v. Lowe's Home Centers, Inc.*, 748 F.Supp.2d 1273, 1290 (D.N.M. 2010) (dismissing claim against supervisor where there was no evidence in the record that she was acting outside the course of her employment in terminating the plaintiff).

## CONCLUSION

Defendants' Motion for Partial Judgment on the Pleadings **[Doc. 70]** is granted in its entirety.  The Court lacks subject matter jurisdiction to hear Counts I, II, and III, and they are therefore dismissed without prejudice as against all Defendants.  These counts cannot be maintained as against Defendant Herrera in her individual capacity because Defendant Herrera is

not an "employer" as the term is defined in the ADA.  Count VIII for Retaliatory Discharge is also dismissed against Defendant Herrera because Plaintiff has not pled that Defendant Herrera acted outside the scope of her employment in terminating Plaintiff's employment.  The remaining claims for determination in this matter are: Counts IV and V (FMLA interference and retaliation, respectively), Count VIII (retaliatory discharge as against the OSOS), and Count IV (breach of the duty of good faith and fair dealing).

                                                _____
                                                **UNITED STATES DISTRICT JUDGE**