IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL J. CAPLAN, the
Chapter 7 trustee for the
bankruptcy estate of ANITA BACA,

        Plaintiffs,

vs.                                                    No.  10cv0096 JCH/LFG

STATE OF NEW MEXICO, OFFICE OF
THE SECRETARY OF STATE, and
MARY HERRERA,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion to Withdraw and Have Anita Baca Reinstated As the Party Plaintiff and a Real Party In Interest* [Doc. 84].  In this case, the Bankruptcy Trustee, Michael J. Caplan, had previously been substituted for Plaintiff Anita Baca when her claims against the Defendants became part of her bankruptcy estate.  The Trustee now seeks to withdraw and have Anita Baca reinstated as the Plaintiff in this lawsuit.  Defendants oppose the motion on the grounds that Baca was previously dismissed with prejudice and, alternatively, they argue that if Baca is reinstated they are entitled to recover attorney's fees for attendance at settlement conferences and for certain briefs.  After reviewing the motion, response, reply and surreply, the Court concludes that the motion to should be granted and that Anita Baca should be reinstated as the Plaintiff in this case.

## BACKGROUND

This case arises from the employment relationship between Anita Baca and the Office of the Secretary of State of New Mexico ("OSOS").  Defendants have filed various dispositive motions in the case, and after resolution of those motions Baca's remaining claims against the Defendants

are Counts IV and V (interference and retaliation under the Family and Medical Leave Act ("FMLA")), Count VII (breach of an implied contract of employment); and Count VIII (retaliatory discharge against the OSOS only).[1]

Two weeks after filing her complaint in this case, Anita Baca filed a Chapter 7 bankruptcy petition. Doc. 48 at 1. Because Baca's claims in this case accrued before the filing of her bankruptcy petition, those claims became part of the bankruptcy estate. On March 2, 2011, Baca filed an unopposed motion under Rule 17 to add the bankruptcy Trustee, Michael J. Caplan, as a plaintiff in this matter. The rationale of the request was that as Trustee of the Baca's bankruptcy estate, Caplan was the real party in interest. Accordingly, on March 4, 2011, the Court entered an order joining Caplan with Baca as a party plaintiff. On March 24, 2011, Defendants filed a motion to dismiss Baca's claims or in the alternative, to substitute Caplan for Baca as plaintiff, thereby removing her altogether as a party in the case. As grounds for the motion, Defendants argued that Baca had attempted to hide her claims against them from Caplan. In its Memorandum Opinion and Order entered November 15, 2011 [Doc. 64], the Court concluded that there were genuine issues of material fact as to whether Baca had intended to deceive the Trustee when she failed to list her claims in this case as an asset of her estate. *Id*. at 5-6. However, as Baca did not oppose substitution of the Trustee as plaintiff in the case, *id*. at 14, the Court granted Defendants' motion to that extent. *Id*. at 15.

Baca's bankruptcy proceedings have concluded, and on April 26, 2012, the bankruptcy court entered a Final Decree. *See* Doc. 89-1. On April 4, 2012, Caplan filed documents relinquishing any

---

[1] This sentence corrects a clerical error in the final sentence of this Court's *Memorandum Opinion and Order* of August 7, 2012 [Doc. 94]. Baca's claims under the Americans With Disabilities Act ("ADA"), as well as her state law claims of prima facie tort and breach of the implied covenant of good faith and fair dealing have been dismissed. *See* Docs. 60, 64, and 94.

interest Baca's bankruptcy estate may have had in this case. *See* Doc. 84 at 1 and Exs. 1 and 2 thereto. As a result, Baca contends that she is now the real party in interest and should be reinstated as the party plaintiff in the case. *Id*. at 1-2. Defendants oppose the motion, though they do not dispute that Caplan has abandoned the bankruptcy's right to pursue Baca's claims against them.

### DISCUSSION

**I.    DISMISSAL WITH PREJUDICE**

Defendants oppose reinstatement of Baca as party plaintiff on three grounds. First, they contend that the Court has dismissed Baca with prejudice under Rule 41(b), thereby barring her ability to serve as the plaintiff and real party in interest. They contend that a dismissal with prejudice is one "on the merits," that cannot be undone. Now that Caplan has relinquished any rights of the bankruptcy estate to Baca's claims, Defendants contend there is no viable real party in interest who may prosecute those claims, and that as a result the case must be dismissed. Defendants rely on the following language from the Court's November 15, 2011 Memorandum Opinion and Order:

> Because the Court concludes that Baca's non-disclosure of her claims against Defendants in her bankruptcy case was due to an honest mistake, judicial estoppel is inapplicable. For the foregoing reasons, the Court will deny Defendants' Motion to Dismiss or for Summary Judgment. However, the Court will grant Defendants' motion to dismiss Baca with prejudice and substitute Mark J. Caplan, Trustee, as the real party in interest. Henceforth, Baca will no longer be a party to this case.

Doc. 64 at 15. In its opinion the Court also noted that "Baca does not oppose substitution of the Trustee as the plaintiff in this matter. However, Baca seeks an order preserving 'any interests she may have in exemption or surplus amounts through any recovery over and above any amounts to be paid to creditors.'" *Id*. at 14 (internal citation omitted).

The Court disagrees with Defendants' analysis of the case. First, there has been no

involuntary dismissal of the "action" in this case as required by the express language of Rule 41.[2] Dismissal of an "action" requires dismissal of all the claims against a defendant. *See Vogel v. American Kiosk Mgmt.*, 371 F. Supp. 2d 122, 129 (D. Conn. 2005) ("Rule 41(a) permits voluntary dismissal an action [sic], meaning the totality of all component claims asserted against a single defendant . . ."); *Addamax Corp. v. Open Software Found., Inc.*, 149 F.R.D. 3, 5 (D. Mass. 1993) ("the weight of authority is that Rule 41(a), Fed. R. Civ. P., applies only when an 'action' is to be dismissed, an 'action' being defined not as an individual 'cause of action' but rather as the whole case."); *Chapman v. Bernard's Inc.*, 198 F.R.D. 575, 579 (D. Mass. 2001) ("A court may dismiss an action as to fewer than all of the defendants because the word 'action' in Rule 41(a)(2) has been construed to mean all claims against any one defendant."). Here, there was no dismissal of the "action" because there was no dismissal of all of Baca's remaining claims against the Defendants. Instead, there was only the substitution of the correct party to prosecute those claims.

In addition, the circumstances that induced the Court to substitute the Trustee for Baca and dismiss her from the case are no longer present. This Court granted the dismissal because at that time, Baca's bankruptcy estate held the sole interest in Baca's claims against Defendants, and Caplan indicated that the estate intended to pursue those claims as the real party in interest. The Court's ruling did not constitute an adjudication or termination of Baca's claims on the merits; rather, the Court's understanding was that the Trustee would pursue Baca's claims. Now that the bankruptcy estate has abandoned its interest in Baca's claims, the basis for this Court dismissal of Baca as plaintiff no longer exist, and there is no valid reason to deny Baca reinstatement as the real

---

[2] Even if Rule 41 dismissal was applicable here, which it is not, it would be a voluntary dismissal under Rule 41(a), and not an involuntary dismissal under Rule 41(b) as Defendants contend. It is very clear from the record that Baca did not oppose her dismissal, provided she could preserve her interests as described above.

party in interest. To find otherwise would result in a windfall to Defendants without reaching an adjudication on the merits of Baca's claims.

Further, under 11 U.S.C. § 554(c), "Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . ." In such circumstances, such property ceases to be part of the estate and "reverts to the debtor and stands as if no bankruptcy petition was filed." *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990). Here, the bankruptcy estate abandoned its interest in Baca's claims against the Defendants. Accordingly, under Section 554(c) those claims revert to the debtor, Baca.

## II.     ATTORNEY'S FEES

Defendants' second argument is that if the Court substitutes Baca for Caplan as the plaintiff in this case, it should require Baca to pay their attorney's fees for (1) briefing and pursuing their *Motion to Dismiss or for Summary Judgment* [Doc. 51], and (2) attending settlement conferences with the Trustee, Caplan; and (3) briefing their motions in limine with respect to the bankruptcy issues. Defendants' rationale appears to be that they were prejudiced by having to address legal issues related to the bankruptcy, and that Baca should have to bear the costs they incurred briefing those issues. They also claim that they were prejudiced by having to deal with Caplan at two unsuccessful settlement conferences, implying that the lack of an amicable settlement stemmed, at least in part, from tension between Caplan and Baca at those conferences. Defendants cite no authority for their novel argument that they are entitled to shift their attorney's fees to Baca.

In fact, the substitution of the Trustee for Baca as the plaintiff in this case was procedurally correct because at that time Baca's claims against Defendants were part of her bankruptcy estate. Defendants do not argue otherwise. In fact, Defendants affirmatively requested the substitution as

5

an alternative form of relief in their *Motion to Dismiss or for Summary Judgment*, Doc. 51 at 1., and Baca did not oppose their request. Doc. 57 at 1. They do not argue that Baca induced them to take that position by fraud or trickery, or that she otherwise misled the Court into making that substitution. In fact, Defendants have cited no reason at all to justify shifting the costs of litigating those issues to Baca. Unfortunately, litigation is not always smooth. Procedural irregularities occur; circumstances change. These vicissitudes may result in a party incurring more attorney's fees than it would without that "bump in the road," but without more, that alone does not justify shifting those fees to the opposing party. Under the "American Rule," each party bears its own fees, except where Congress has legislated exceptions for prevailing plaintiffs in actions to enforce federal rights. *Marx v. General Revenue Corp.*, 668 F.3d 1174, 1179 (10th Cir. 2011).

## III.  EVIDENTIARY ISSUE

The final portion of Defendants' motion is in the nature of a motion in limine. They ask the Court to rule "that Defendants can cross examine Baca on her bankruptcy filings, the hearing Baca had with the Bankruptcy Trustee, and her dishonest statements therein." Doc. 86 at 4. In conclusory fashion Defendants contend that this evidence "is probative of Baca's character for truthfulness under Federal Rules of Evidence 404, 405, and possibly 406, and is the proper subject of impeachment under Federal Rules of Evidence 608 and possibly Rule 613." *Id.* at 5.

Defendants' argument is entirely lacking in any analysis or citation to supporting authorities. Although Defendants cite to several Rules of Evidence, they do not explain why those rules permit them to cross examine Baca in the manner indicated. Thus, the Court will deny the motion at this time, although Defendants may renew their motion at a later time in accordance with the Court's pretrial deadlines for motions in limine.

**IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Motion to Withdraw and Have Anita Baca Reinstated As the Party Plaintiff and a Real Party In Interest* [Doc. 84] is **GRANTED**;

(2) Anita Baca is hereby substituted for Michael J. Caplan as the party Plaintiff in this case; and the caption of this case will be changed accordingly.

UNITED STATES DISTRICT JUDGE